Ariadne Panagopoulou (AP-2202)
Pardalis & Nohavicka, LLP
950 Third Avenue, 25th Floor
New York, NY 10022
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SOPHIA SAMUELS, | ) | |
| | ) | |
| *Plaintiff*, | ) | **COMPLAINT** |
| | ) | |
| -v- | ) | |
| | ) | |
| PHILIP BOBBITT and MAYA BOBBITT, | ) | |
| *jointly and severally*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## NATURE OF THE ACTION

1.      Plaintiff Sophia Samuels ("Plaintiff"), brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned wages and overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et. seq.*, and Article 19, §§ 650 *et. seq.*, as well as the supporting New York State Department Labor Regulations for violations of minimum and overtime wages, spread-of-hours pay, untimely payment of wages, and notice and record-keeping requirements.

## JURISDICTION AND VENUE

### Federal Question Jurisdiction and Supplemental Jurisdiction

2.      This Court has original subject matter jurisdiction over this action under 28 U.S.C § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act and 29 U.S.C. §§ 201 *et seq.* Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

3.      In addition, this Court has jurisdiction with respect to this action pursuant to 28 U.S.C.§ 1332 as there exists diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

### Personal Jurisdiction

4.      The Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

### Venue

5.      Venue is proper in the Southern District of New York under 28 U.S.C. §§ 1391(b) (1) and (2) because Defendants conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

**Plaintiff:**

6.      Plaintiff Sophia Samuels is an adult individual residing in the State of Pennsylvania, County of Monroe.

7.      During the relevant time period, Plaintiff was a covered employee within the meaning of the FLSA 29 U.S.C. § 203(e) and the NYLL § 190, employed by Defendants, Philip Bobbitt and Maya Bobbitt, and performed work in New York.

8.       Plaintiff was an employee engaged in commerce since a substantial part of her job requirements was to frequently accompany the Defendants to foreign states and foreign countries in order to perform her job functions.

9.      Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. § 216(b), and her consent form is attached hereto.

**Defendants**:

10.      Philip Bobbitt ("Philip") is a current professor of law at the University of Columbia and has been described as "one of the nation's leading constitutional theorists". *See* https://www.law.columbia.edu/faculty/philip-bobbitt.

11.      Maya Bobbitt ("Maya") is a graduate of Columbia Law School and is currently practicing as a finance lawyer in a prominent firm in the State of New York. *See* https://www.velaw.com/Who-We-Are/Find-a-Lawyer/Bobbitt--Maya/.

12.      Upon information and belief, Philip and Maya, are a married couple with two children and reside in the same household.

13.     Upon information and belief, being prominent lawyers in the State of New York with an expertise in constitutional and finance law, Maya and Philip are very well aware of the minimum wage and overtime wage requirements of the FLSA and the NYLL.

14.     Upon information and belief, at all relevant times throughout Plaintiff's employment, Philip and Maya, both individually and collectively, had the discretionary power to create and enforce personnel decisions, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting employees' schedules; instructing, supervising and training employees; and otherwise controlling the terms and conditions for the Plaintiff while she was employed by Defendants.

15.     At all times relevant to this action, Philip and Maya collectively hired Plaintiff to work for them for their household, set Plaintiff's pay, issued her wages, set Plaintiff's schedule, determined and assigned her duties, and controlled all terms of her employment.

16.     Philip and Maya set and/or approved all the unlawful practices complained of herein.

17.     Defendants Philip and Maya are "covered employers" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL § 2, and are jointly and severally liable, in their individual capacity, for the unpaid wages and other damages sought herein.

## FACTUAL ALLEGATIONS

### Plaintiff's Work for Defendants

18.     Plaintiff was employed by Defendants as a housekeeper for approximately two years and nine months, at the building located at 435 East, 52nd Street, Apt. 15B, New York, New York 10022.

19.     Plaintiff was hired in or around March 2016 and worked for the Defendants until January 7, 2019.

20.     As part of her duties, Plaintiff was required to accompany Defendants on family vacations across continental Europe, Turkey, and across the United States, where she would be subject to long working hours, ranging from seventy-five (75) to eighty (80) hours per week, as the Defendants' young children required constant supervision.

21.     During such trips, Plaintiff would assume the job duties of a nanny, caring for and tending to Defendant's children.

22.     As part of her duties, Plaintiff was tasked with cleaning Defendant's private residence.

23.     As per the instructions of Maya, Plaintiff had additional duties such as cooking for the entire family, which consisted of Maya and Philip and their two children, ironing, doing laundry, walking their dog, and being a *defacto* nanny to Defendants' children during the weekends, both of whom were very young in age.

24.     From in or around March 2016 to end of October 2018, Plaintiff typically worked five (5) days per week from 7:00am to 8:00pm, Wednesday to Sunday, with an hour of lunch break per day. However, she would frequently be requested to stay later until 9:00 p.m. or 10 p.m.

25.     Accordingly, Plaintiff worked approximately 62 hours per week throughout the aforementioned time period.

26.     However, beginning on November 1, 2018 until the end of her employment, Plaintiff requested to only work four days, instead of five days per week.

27.     Accordingly, from November 2, 2018 until January 7, 2019, Plaintiff worked approximately 50 hours per week.

28.     From in or around March 2016 to in or around August 2016, Plaintiff was compensated a flat salary of approximately $500.00 per week, regardless of the amount of hours she worked each week.

29.     From in or around September 2016 to in or around August 2017, Plaintiff was compensated a salary of approximately $550.00 per week, regardless of the amount of hours she worked.

30.     Finally, from in or around September 2017 to January 7, 2019, Plaintiff was compensated a salary of approximately $725.00 per week, regardless of the amount of hours worked.

31.     Plaintiff received her salary on a monthly basis at the end of each month. *See* **Exhibit A**, samples of Plaintiff's paystubs.

32.     As part of her employment duties, Plaintiff was required to frequently travel with the family for work purposes. *See* **Exhibit B**, passport stamps from Plaintiff's passport.

33.     Specifically, from around June 2016 to the end of August 2016, Plaintiff accompanied the family on their summer vacation trip to London.

34.     From around June 2017 to the beginning of August 2017, Plaintiff accompanied the family on their summer vacation trip to London.

35.     From around mid April to the end of April 2018, Plaintiff accompanied the family to Italy and Turkey for two weeks.

36.     Furthermore, during her employment with Defendants, Plaintiff also traveled with the family to Washington D.C. in or around May 2016 and to Texas on December 22, 2018 for two weeks with Defendants' family.

37.     Because Plaintiff was required to travel to other states for work purposes, she was an employee "engaged in commerce" as defined by 29 U.S.C. 207(a).

38.     Throughout her employment, Plaintiff maintained her own private residence and did not reside at Defendants' household, unless specifically requested to stay over for the night.

39.     Throughout the duration of her employment, Plaintiff did not have any supervisory authority nor did she exercise discretion or independent judgment with respect to matters of significance.

40.     Plaintiff never had any managerial duties, such as hiring and firing employees, doing payroll and setting employees' hours of work.

**Defendants' Unlawful Practices**

41.     Both Defendants Philip and Maya hold themselves out as prominent lawyers in the state of New York with expertise in constitutional and finance law respectively. Given their educational background and tenure in the field of law, Defendants are, or should be, very well aware of the requirements of the FLSA and the NYLL with respect to compensation of employees. Ironically, despite what they may preach, Defendants repeatedly required their own housekeeper to work at their household in exchange for compensation below minimum wage.

42.     Defendants further failed to pay Plaintiff overtime pay, consisting of one and one-half times her regular rate of pay, but under no circumstance less than one and one-half times the statutory minimum wage, for all hours worked above 40 hours per week.

43.     Defendants further failed to pay Plaintiff within seven calendar days after the end of the week in which her wages were earned. Instead, they paid Plaintiff by monthly salary at the end of each month, *see* **Exhibit A**.

44.     Defendants never provided Plaintiff with an extra hour's pay at minimum wage during all the occasions in which the duration of her shift exceeded 10 hours per day.

45.     Plaintiff repeatedly complained to both the Defendants about their failure to compensate her for her overtime hours worked. *See* **Exhibit C**, text messages between Plaintiff and the two Defendants. Despite such attempts, Defendants failed to rectify their unlawful employment practices.

46.     Defendants willfully disregarded and purposefully evaded recordkeeping requirement of the FLSA and NYLL by failing to maintain accurate and complete time sheets and payroll records. Defendants did not implement *any* procedure to keep track of Plaintiff's hours of work.

47.     Plaintiff was never provided with accurate and complete wage statements or other records detailing, *inter alia*, Plaintiff's regular rate of pay; the overtime rate of pay; the number of regular hours worked; and the number of overtime hours worked any point during the time of her employment with Defendants.

48.     Plaintiff was not provided with a notice containing, *inter alia*, the rate and basis of her pay; the designated pay date; at the time of hiring or any point thereafter.

49.     Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum and overtime wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Minimum Wages

50.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

51.    The FLSA provides that employers must pay their employees the federal or state minimum wage, whichever is higher. *See* 29 U.S.C. §§ 206, 218(a).

52.    Defendants violated 29 U.S.C. § 206, by paying Plaintiff less than the applicable statutory minimum wage for her hours worked throughout the majority of her employment period.

53.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful. Accordingly, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

54.    Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

55.    Plaintiff realleges and incorporates by reference all allegations made in all preceding paragraphs as if fully set forth herein.

56.    Defendants failed to pay Plaintiff overtime wages for all hours worked above 40 hours per week thereby violating the FLSA, 29 U.S.C. § 207(a)(1).

57.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful. Accordingly, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

58.     As a result of the Defendants' violations of the FLSA, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are thus entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216 (b).

## THIRD CAUSE OF ACTION

### New York Labor Law – Unpaid Minimum Wages

59.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

60.     Defendants, during the majority of her employment period, paid Plaintiff less than the applicable statutory minimum wage for her hours worked in violation of NYLL § 652 and the supporting New York State Department of Labor regulations, including 12 N.Y.C.R.R. Part 142-2.1.

61.     Defendants' failure to pay Plaintiff the minimum wage lacked a good faith basis within the meaning of NYLL § 663.

62.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FOURTH CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Wages

63.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.     Defendants failed to pay Plaintiff overtime wages for all hours worked above 40 hours per week thereby violating the NYLL §§ 190 *et seq*. and the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2.

65.     Defendants' failure to pay Plaintiff her overtime compensation lacked a good faith basis within the meaning of NYLL § 663.

66.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recovery of their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FIFTH CAUSE OF ACTION

### New York Labor Law – Unpaid Spread-of-Hours Pay

67.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68.     Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the interval between the beginning and end of Plaintiff's shift exceeded ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.4.

69.     Defendants' failure to pay Plaintiff spread-of hours compensation lacked a good faith basis within the meaning of NYLL § 663.

70.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SIXTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Wage Notice

71.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72.     Defendants have failed to provide Plaintiff, at the time of hiring, or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

73.     Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## SEVENTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide with Accurate Wage Statements

74.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.     Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout her employment listing, *inter alia*, the number of regular hours worked and the number of overtime hours, in violation of NYLL § 195(3).

76.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d). Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

## EIGHTH CAUSE OF ACTION

### New York Labor Law – Untimely Payment of Wages

77.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.     Throughout her employment, Defendants paid Plaintiff on a monthly basis in violation of NYLL § 191(a) which provides that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."

79.     Due to Defendants' failure to pay Plaintiff her required compensation on a timely manner, Plaintiff has suffered damages and is entitled to an amount of liquidated damages equal to the amount of the late payments, as well as, pre-judgment interest, attorneys' fees, and costs pursuant to NYLL § 198(1-a).

## DEMAND FOR TRIAL BY JURY

80.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq*., and supporting New York State Department of Labor regulations;

B. Unpaid minimum and overtime wages under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United State Department of Labor regulations;

C. Unpaid minimum and overtime wages, and spread-of-hours pay under the NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL § 198 (1-a) and § 663 (1);

D. Liquidated damages equal to the amount of all late payments received by Plaintiff, pursuant to NYLL § 198 (1-a);

E. Civil penalties of One Thousand One Hundred Dollars ($1,100.00) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

F. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

G. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b) are not awarded, an award of pre-judgment interest pursuant to 28 U.S.C. § 1961;

H. An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring or at any time thereafter pursuant to NYLL § 198 (1-b);

I. An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements pursuant to NYLL § 198 (1-d);

J.      An award of pre-judgment interest of nine per cent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

K.      An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

L.      An award of attorney's fees, costs, and further expenses up to Fifty Dollars ($50.00), pursuant to 29 U.S.C. §216(b), and NYLL §§ 198 and 663(1);

M.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
        January 20, 2019

Respectfully submitted,
**PARDALIS & NOHAVICKA, LLP**

By:      __/s/Ariadne Panagopoulou_____
         Ariadne Panagopoulou (AP-2202)
         *Attorneys for Plaintiff*
         950 Third Avenue, 25th Floor
         New York, New York 10022
         Tel: 718.777.0400 | Fax: 718.777.0599
         Email:  ari@pnlawyers.com

# EXHIBIT A

01/02/2018

Sophia Samuels

\*\*2,198.37

\*\*\*\*\*Two thousand one hundred ninety-eight and 37/100

Sophia Samuels
245-19133 Dr
Queens NY 11422

Pay Period: 12/02/2017 - 01/01/2018

| PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| Salary | - | - | 2,838.33 | 2,838.33 |

Sophia Samuels
245-19133 Dr
Queens
NY, 11422

| TAXES | Current | YTD |
|---|---|---|
| Federal Income Tax | 307.52 | 307.52 |
| Social Security | 175.98 | 175.98 |
| Medicare | 41.16 | 41.16 |
| NY Income Tax | 114.30 | 114.30 |
| NY City Income Tax | 1.00 | 1.00 |

Philip C. Bobbitt
1505 Windsor Road
Austin
TX, 78703
512-994-7212

| DEDUCTIONS | Current | YTD |
|---|---|---|

| OTHER PAY | Current | YTD |
|---|---|---|

Pay Period
12/02/2017 - 01/01/2018

Pay Date
01/02/2018

MEMO:

| BENEFITS | Used | Available |
|---|---|---|

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $2,838.33 | $2,838.33 |
| Taxes | $639.96 | $639.96 |
| Deductions | $0.00 | $0.00 |
| **NET PAY:** | | **$2,198.37** |

| PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| Salary | - | - | 2,838.33 | 2,838.33 |

Sophia Samuels
245-19133 Dr
Queens
NY, 11422

| TAXES | Current | YTD |
|---|---|---|
| Federal Income Tax | 307.52 | 307.52 |
| Social Security | 175.98 | 175.98 |
| Medicare | 41.16 | 41.16 |
| NY Income Tax | 114.30 | 114.30 |
| NY City Income Tax | 1.00 | 1.00 |

Philip C. Bobbitt
1505 Windsor Road
Austin
TX, 78703
512-994-7212

| DEDUCTIONS | Current | YTD |
|---|---|---|

| OTHER PAY | Current | YTD |
|---|---|---|

Pay Period
12/02/2017 - 01/01/2018

Pay Date
01/02/2018

MEMO:

| BENEFITS | Used | Available |
|---|---|---|

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $2,838.33 | $2,838.33 |
| Taxes | $639.96 | $639.96 |
| Deductions | $0.00 | $0.00 |
| **NET PAY:** | | **$2,198.37** |

02/01/2018

Sophia Samuels

\*\*2,259.69

\*\*\*\*\*Two thousand two hundred fifty-nine and 69/100

Sophia Samuels
245-19133 Dr
Queens NY 11422

Pay Period: 01/02/2018 - 02/01/2018

| Sophia Samuels 245-19133 Dr Queens NY, 11422 | PAY | Hours | Rate | Current | YTD | TAXES | Current | YTD |
|---|---|---|---|---|---|---|---|---|
| | Salary | - | - | 2,838.33 | 5,676.66 | Federal Income Tax | 246.22 | 554.17 |
| | | | | | | Social Security | 175.97 | 351.95 |
| | | | | | | Medicare | 41.15 | 82.31 |
| | | | | | | NY Income Tax | 114.30 | 228.60 |
| | | | | | | NY City Income Tax | 1.00 | 2.00 |

| Philip C. Bobbitt 1505 Windsor Road Austin TX, 78703 512-994-7212 | OTHER PAY | | | Current | YTD | DEDUCTIONS | Current | YTD |
|---|---|---|---|---|---|---|---|---|

| Pay Period 01/02/2018 - 02/01/2018 Pay Date 02/01/2018 MEMO: | BENEFITS | | | Used | Available |
|---|---|---|---|---|---|

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $2,838.33 | $5,676.66 |
| Taxes | $578.64 | $1,219.03 |
| Deductions | $0.00 | $0.00 |
| **NET PAY:** | | **$2,259.69** |

| Sophia Samuels 245-19133 Dr Queens NY, 11422 | PAY | Hours | Rate | Current | YTD | TAXES | Current | YTD |
|---|---|---|---|---|---|---|---|---|
| | Salary | - | - | 2,838.33 | 5,676.66 | Federal Income Tax | 246.22 | 554.17 |
| | | | | | | Social Security | 175.97 | 351.95 |
| | | | | | | Medicare | 41.15 | 82.31 |
| | | | | | | NY Income Tax | 114.30 | 228.60 |
| | | | | | | NY City Income Tax | 1.00 | 2.00 |

| Philip C. Bobbitt 1505 Windsor Road Austin TX, 78703 512-994-7212 | OTHER PAY | | | Current | YTD | DEDUCTIONS | Current | YTD |
|---|---|---|---|---|---|---|---|---|

| Pay Period 01/02/2018 - 02/01/2018 Pay Date 02/01/2018 MEMO: | BENEFITS | | | Used | Available |
|---|---|---|---|---|---|

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $2,838.33 | $5,676.66 |
| Taxes | $578.64 | $1,219.03 |
| Deductions | $0.00 | $0.00 |
| **NET PAY:** | | **$2,259.69** |

03/01/2018

Sophia Samuels

**2,259.67

*****Two thousand two hundred fifty-nine and 67/100

Sophia Samuels
245-19133 Dr
Queens NY 11422

Pay Period: 02/02/2018 - 03/01/2018

---

Sophia Samuels
245-19133 Dr
Queens
NY, 11422

| PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| Salary | - | - | 2,838.33 | 8,514.99 |

| TAXES | Current | YTD |
|---|---|---|
| Federal Income Tax | 246.22 | 800.39 |
| Social Security | 175.98 | 527.93 |
| Medicare | 41.16 | 123.47 |
| NY Income Tax | 114.30 | 342.90 |
| NY City Income Tax | 1.00 | 3.00 |

Phillip C. Bobbitt
1505 Windsor Road
Austin
TX, 78703
512-994-7212

| OTHER PAY | Current | YTD |
|---|---|---|

| DEDUCTIONS | Current | YTD |
|---|---|---|

Pay Period
02/02/2018 - 03/01/2018

Pay Date
03/01/2018

MEMO:

| BENEFITS | Used | Available |
|---|---|---|

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $2,838.33 | $8,514.99 |
| Taxes | $578.66 | $1,797.69 |
| Deductions | $0.00 | $0.00 |
| **NET PAY:** | | **$2,259.67** |

---

Sophia Samuels
245-19133 Dr
Queens
NY, 11422

| PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| Salary | - | - | 2,838.33 | 8,514.99 |

| TAXES | Current | YTD |
|---|---|---|
| Federal Income Tax | 246.22 | 800.39 |
| Social Security | 175.98 | 527.93 |
| Medicare | 41.16 | 123.47 |
| NY Income Tax | 114.30 | 342.90 |
| NY City Income Tax | 1.00 | 3.00 |

Phillip C. Bobbitt
1505 Windsor Road
Austin
TX, 78703
512-994-7212

| OTHER PAY | Current | YTD |
|---|---|---|

| DEDUCTIONS | Current | YTD |
|---|---|---|

Pay Period
02/02/2018 - 03/01/2018

Pay Date
03/01/2018

MEMO:

| BENEFITS | Used | Available |
|---|---|---|

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $2,838.33 | $8,514.99 |
| Taxes | $578.66 | $1,797.69 |
| Deductions | $0.00 | $0.00 |
| **NET PAY:** | | **$2,259.67** |

04/01/2018

Sophia Samuels

**2,259.68

*****Two thousand two hundred fifty-nine and 68/100

Sophia Samuels
245-19133 Dr
Queens NY 11422

Pay Period: 03/02/2018 - 04/01/2018
Check created out of sequence in a prior quarter

---

**Sophia Samuels**
245-19133 Dr
Queens
NY, 11422

| PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| Salary | - | - | 2,838.33 | 14,191.65 |

| TAXES | Current | YTD |
|---|---|---|
| Federal Income Tax | 246.22 | 1,292.83 |
| Social Security | 175.97 | 879.88 |
| Medicare | 41.16 | 205.78 |
| NY Income Tax | 114.30 | 571.50 |
| NY City Income Tax | 1.00 | 5.00 |

**Phillip C. Bobbitt**
1505 Windsor Road
Austin
TX, 78703
512-994-7212

| OTHER PAY | Current | YTD |
|---|---|---|

| DEDUCTIONS | Current | YTD |
|---|---|---|

**Pay Period**
03/02/2018 - 04/01/2018

**Pay Date**
04/01/2018

| BENEFITS | Used | Available |
|---|---|---|

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $2,838.33 | $14,191.65 |
| Taxes | $578.65 | $2,954.99 |
| Deductions | $0.00 | $0.00 |
| **NET PAY:** | | **$2,259.68** |

**MEMO:**
Check created out of sequence in a prior quarter

---

**Sophia Samuels**
245-19133 Dr
Queens
NY, 11422

| PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| Salary | - | - | 2,838.33 | 14,191.65 |

| TAXES | Current | YTD |
|---|---|---|
| Federal Income Tax | 246.22 | 1,292.83 |
| Social Security | 175.97 | 879.88 |
| Medicare | 41.16 | 205.78 |
| NY Income Tax | 114.30 | 571.50 |
| NY City Income Tax | 1.00 | 5.00 |

**Phillip C. Bobbitt**
1505 Windsor Road
Austin
TX, 78703
512-994-7212

| OTHER PAY | Current | YTD |
|---|---|---|

| DEDUCTIONS | Current | YTD |
|---|---|---|

**Pay Period**
03/02/2018 - 04/01/2018

**Pay Date**
04/01/2018

| BENEFITS | Used | Available |
|---|---|---|

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $2,838.33 | $14,191.65 |
| Taxes | $578.65 | $2,954.99 |
| Deductions | $0.00 | $0.00 |
| **NET PAY:** | | **$2,259.68** |

**MEMO:**
Check created out of sequence in a prior quarter

05/01/2018

Sophia Samuels

**2,259.68

*****Two thousand two hundred fifty-nine and 68/100

Sophia Samuels
245-19133 Dr
Queens NY 11422

Pay Period: 04/02/2018 - 05/01/2018

Sophia Samuels
245-19133 Dr
Queens
NY. 11422

| PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| Salary | - | - | 2,838.33 | 11,353.32 |

| TAXES | Current | YTD |
|---|---|---|
| Federal Income Tax | 246.22 | 1,046.61 |
| Social Security | 175.98 | 703.91 |
| Medicare | 41.15 | 164.62 |
| NY Income Tax | 114.30 | 457.20 |
| NY City Income Tax | 1.00 | 4.00 |

Philip C. Bobbitt
1505 Windsor Road
Austin
TX, 78703
512-994-7212

| DEDUCTIONS | Current | YTD |
|---|---|---|

| OTHER PAY | | | Current | YTD |
|---|---|---|---|---|

Pay Period
04/02/2018 - 05/01/2018

Pay Date
05/01/2018

MEMO:

| BENEFITS | Used | Available |
|---|---|---|

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $2,838.33 | $11,353.32 |
| Taxes | $578.65 | $2,376.34 |
| Deductions | $0.00 | $0.00 |
| **NET PAY:** | | **$2,259.68** |

Sophia Samuels
245-19133 Dr
Queens
NY. 11422

| PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| Salary | - | - | 2,838.33 | 11,353.32 |

| TAXES | Current | YTD |
|---|---|---|
| Federal Income Tax | 246.22 | 1,046.61 |
| Social Security | 175.98 | 703.91 |
| Medicare | 41.15 | 164.62 |
| NY Income Tax | 114.30 | 457.20 |
| NY City Income Tax | 1.00 | 4.00 |

Philip C. Bobbitt
1505 Windsor Road
Austin
TX, 78703
512-994-7212

| DEDUCTIONS | Current | YTD |
|---|---|---|

| OTHER PAY | | | Current | YTD |
|---|---|---|---|---|

Pay Period
04/02/2018 - 05/01/2018

Pay Date
05/01/2018

MEMO:

| BENEFITS | Used | Available |
|---|---|---|

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $2,838.33 | $11,353.32 |
| Taxes | $578.65 | $2,376.34 |
| Deductions | $0.00 | $0.00 |
| **NET PAY:** | | **$2,259.68** |

05/31/2018

Sophia Samuels

**2,259.68

*****Two thousand two hundred fifty-nine and 68/100

Sophia Samuels
245-19133 Dr
Queens NY 11422

Pay Period: 05/02/2018 - 06/01/2018

| Sophia Samuels<br>245-19133 Dr<br>Queens<br>NY, 11422 | PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|---|
| | Salary | - | - | 2,838.33 | 17,029.98 |

| TAXES | Current | YTD |
|---|---|---|
| Federal Income Tax | 246.22 | 1,539.05 |
| Social Security | 175.98 | 1,055.86 |
| Medicare | 41.15 | 246.93 |
| NY Income Tax | 114.30 | 685.80 |
| NY City Income Tax | 1.00 | 6.00 |

Philip C. Bobbitt
1505 Windsor Road
Austin
TX, 78703
512-994-7212

| DEDUCTIONS | Current | YTD |
|---|---|---|

| OTHER PAY | Current | YTD |
|---|---|---|

Pay Period
05/02/2018 - 06/01/2018

Pay Date
05/31/2018

MEMO:

| BENEFITS | Used | Available |
|---|---|---|

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $2,838.33 | $17,029.98 |
| Taxes | $578.65 | $3,533.64 |
| Deductions | $0.00 | $0.00 |
| **NET PAY:** | | **$2,259.68** |

| Sophia Samuels<br>245-19133 Dr<br>Queens<br>NY, 11422 | PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|---|
| | Salary | - | - | 2,838.33 | 17,029.98 |

| TAXES | Current | YTD |
|---|---|---|
| Federal Income Tax | 246.22 | 1,539.05 |
| Social Security | 175.98 | 1,055.86 |
| Medicare | 41.15 | 246.93 |
| NY Income Tax | 114.30 | 685.80 |
| NY City Income Tax | 1.00 | 6.00 |

Philip C. Bobbitt
1505 Windsor Road
Austin
TX, 78703
512-994-7212

| DEDUCTIONS | Current | YTD |
|---|---|---|

| OTHER PAY | Current | YTD |
|---|---|---|

Pay Period
05/02/2018 - 06/01/2018

Pay Date
05/31/2018

MEMO:

| BENEFITS | Used | Available |
|---|---|---|

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $2,838.33 | $17,029.98 |
| Taxes | $578.65 | $3,533.64 |
| Deductions | $0.00 | $0.00 |
| **NET PAY:** | | **$2,259.68** |

11/30/2018

Sophia Samuels

**1,872.13

*****One thousand eight hundred seventy-two and 13/100

Sophia Samuels
104 Over Look Drive
Cresco PA 18326

Pay Period: 11/02/2018 – 12/01/2018

| Sophia Samuels | PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|---|
| 104 Over Look Drive | Salary | - | - | 2,314.33 | 33,011.96 |
| Cresco | | | | | |
| PA, 18326 | | | | | |

| TAXES | Current | YTD |
|---|---|---|
| Federal Income Tax | 183.34 | 2,890.61 |
| Medicare | 33.55 | 478.67 |
| NY City Income Tax | 0.00 | 8.00 |
| NY Income Tax | 81.82 | 1,307.20 |
| Social Security | 143.49 | 2,046.74 |

Philip C. Bobbitt
1505 Windsor Road
Austin
TX, 78703
512-994-7212

| OTHER PAY | Current | YTD |
|---|---|---|

| DEDUCTIONS | Current | YTD |
|---|---|---|

Pay Period
11/02/2018 - 12/01/2018

Pay Date
11/30/2018

MEMO:

| BENEFITS | Used | Available |
|---|---|---|

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $2,314.33 | $33,011.96 |
| Taxes | $442.20 | $6,731.22 |
| Deductions | $0.00 | $0.00 |
| **NET PAY:** | | **$1,872.13** |

---

| Sophia Samuels | PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|---|
| 104 Over Look Drive | Salary | - | - | 2,314.33 | 33,011.96 |
| Cresco | | | | | |
| PA, 18326 | | | | | |

| TAXES | Current | YTD |
|---|---|---|
| Federal Income Tax | 183.34 | 2,890.61 |
| Medicare | 33.55 | 478.67 |
| NY City Income Tax | 0.00 | 8.00 |
| NY Income Tax | 81.82 | 1,307.20 |
| Social Security | 143.49 | 2,046.74 |

Philip C. Bobbitt
1505 Windsor Road
Austin
TX, 78703
512-994-7212

| OTHER PAY | Current | YTD |
|---|---|---|

| DEDUCTIONS | Current | YTD |
|---|---|---|

Pay Period
11/02/2018 - 12/01/2018

Pay Date
11/30/2018

MEMO:

| BENEFITS | Used | Available |
|---|---|---|

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $2,314.33 | $33,011.96 |
| Taxes | $442.20 | $6,731.22 |
| Deductions | $0.00 | $0.00 |
| **NET PAY:** | | **$1,872.13** |

# EXHIBIT B









We have a great dream. It started way back in 1776,

and God grant that America will be true to her dream.

*Martin Luther King, Jr.*

*Visas*

*Visas*

LEAVE TO ENTER FOR SIX MONTHS.
EMPLOYMENT AND RECOURSE TO
PUBLIC FUNDS PROHIBITED

IMMIGRATION OFFICER
✳ (6455) ✳
1 8 JUN 2018
GATWICK (S)



Let every nation know, whether it wishes us well or ill, that we shall pay any price, bear any burden, meet any hardship, support any friend, oppose any foe, in order to assure the survival and the success of liberty.

*John F. Kennedy*

*Visas*

*Visas*

LFT LONDRES
A 145

04.00.17 12
LFT PARIS NORD
A 155

14

15

# EXHIBIT C



**Maya**
(347) 409-3420

Good morning Mrs Bobbitt wasn't sure if I was getting paid today or next week I have $234 in expenses and 8 hr overtime besides my regular 4 day shift..The expense I would like cash plz so it's not added into my check!! I'm going to to the cabinet today and laundry not sure how much of it I will get done..Is Sid coming today or this week ..

7:52 AM

Hi Sophia, I think Shelly was handling your pay today

Enter message

< **Maya**
(347) 409-3420



Hi Sophia, I think Shelly was handling your pay today
9:03 AM

Can you please give me the details of your overtime?
9:03 AM

I assume it's after accounting for late arrival/early departures, is that correct?
9:03 AM

Miss Maya I spent a few hr making cookies for B and Pasha classes a few mornings I start at 6 am.. and blue apron

Enter message

 Send

  10:19 AM

**‹ Maya**
(347) 409-3420



Miss Maya I spent a few hr making cookies for B and Pasha classes a few mornings I start at 6 am.. and blue apron Miss Maya even with my 4 day I stillwork 65 hr a week and you only pay me for 8 Mrs Bobbitt and now you want to away the little bit extra I do work Not cool..But I want a peaceful transition out.I will say no more..If you can find sliver polish while your out would be good to get started as it is a lot of work...Thanks

 Enter message 



< **Maya**
(347) 409-3420

peaceful transition out.I will say no more..If you can find sliver polish while your out would be good to get started as it is a lot of work...Thanks

10:08 AM



Ok I just want to make sure I understand how the overtime adds up. Becky, Niki etc. usually gave us a breakdown of the dates, times etc. i am not objecting to the amount or 8 hours, I am just used to seeing a calculation of it.

10:11 AM

 Enter message  Send

< **Philp**
(512) 970-8314

📞 | 🗑 | ⋮



Good morning Professors Bobbitt!! I was hoping to have a quick talk last night or this morning before you left for Austin!! Sir..I am a bit unhappy sir!!I wanted this transition to be as peaceful as possible.I don't want to be on Mrs Bobbitt bad side sir!! I Don't want her getting upset and stressing her self out at this moment sir !!! That $300 advance was to help me finish up my Christmas shopping and get a round trip bus ticket from Pennsylvania to New York from New York to Newark Airport on December 27th to head to Austin to be with your family I didn't want to ask

 Enter message 

< **Philp**
(512) 970-8314

Austin to be with your family! !I didn't want to ask or to beg sir..I know I work !! I work hard sir I should not have to beg or borrow from anyone sir..Even with my modified schedule for last month I worked over 52 hours and I only got paid 40 hr again sir.. I wasn't going to say anything about NOT receive what is rightfully mine my Over Time pay!! But when I have to Beg or borrow .!!!I knew I had to say something sir!!! I have Never Ever Ever collected a penny in overtime sir!! Mrs Bobbitt say she owes me nothing!!! What did I do last month November for her not to give me what is

Enter message



< **Philp**
(512) 970-8314

her not to give me what is mine..I would not have had to ask if she had paid me right sir..15 hrs for last month. .These are not angry words sir. They are sad words sir....Because I big part of me wanted to stay sir..But I cannot work and not get paid..You said you cannot pay me what I'm worth!! But just give me what I work so hard for..Those 12,13,14,15,16 hr monthly sir means a lot to me..I'm very very sad sir..I feel like going home!!I'm sorry sir..I'm cannot work ,put in 15 hrs a day and your wife thinks it's OK to pay me what she feels not fai..

MMS 8:57 AM

 Enter message