

# PARDALIS & NOHAVICKA, LLP
## ATTORNEYS

March 14, 2019

**VIA ECF**

----------------------------------------

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    *Samuels v. Bobbitt et al*
                  Civil Action No.: 1:19-cv-00576-LGS

Dear Honorable Lorna G. Schofield:

      In accordance with the Court's Order dated January 31, 2019, the parties hereby submit this joint letter in anticipation of the Initial Pretrial Conference scheduled before Your Honor on March 21, 2019.

### 1. Brief Statement of Nature of the Case

**(a) Plaintiff's Allegations**

      This action is brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") alleging violations of minimum wage and overtime requirements. Plaintiff further brings claims for unpaid spread-of-hours, untimely payment of wages, and failure to provide wage notice and wage statements pursuant to the NYLL.

      Specifically, Plaintiff alleges that she was employed by the Defendants as a housekeeper from in or around March 2016 until January 7, 2019. Throughout her employment period, she alleges that she consistently worked anywhere from 50 to 62 hours per week and was paid a flat salary (ranging from $500.00 to $725.00 per week, at different time periods) with no overtime pay. In addition, she was never given spread-of-hours pay during all occasions when the duration of her shift exceeded 10 hours. Finally, Defendants allegedly never provided Plaintiff with a wage notice, or with accurate and complete wage statements detailing, *inter alia*, Plaintiff's regular rate of pay, the overtime rate of pay, the number of regular hours worked, and the number of overtime hours as required by NYLL § 195(3).

      Plaintiff disputes that there is any basis for Defendants' proposed counter-claims.

• 35-10 Broadway • Suite 201 • Astoria NY 11106 • T: 718.777.0400 • F: 718.777.0599 •
www.pnlawyers.com

**(b) Defendants' Allegations**

Defendants deny Plaintiff's allegations. Specifically, allege that, owing to various misfortunes in the family of the plaintiff, illnesses of the plaintiff, travel by the plaintiff to family celebrations, and the plaintiff's decision to move to the Poconos, she was never able to complete the hourly duties for which she was initially engaged as a live-in housekeeper and occasional child-carer. Instead, in an effort to accommodate the plaintiff, it was mutually agreed that the plaintiff only worked those days and hours when she was able to be available. Defendants allege that this variable employment did not give rise to overtime pay and that there was rarely a month in the entire period of the defendant's employment when she felt herself able to work consecutive weeks or even a full five-day week of employment, or to arrive on time or leave as originally contemplated. Instead she worked when she could and tried to make up the hours lost by occasionally working longer hours. At her request, the five days she was engaged to work was changed to four days—without any diminution in pay—so that she could attend a chef's school. Plaintiff was provided weekly accounts, was always paid promptly, and was given loans.

Defendants further allege that defamatory statements were made and widely disseminated by the defendant's counsel in an effort to extort a settlement. These actions will support civil counterclaims under New York law.

## 2. Brief Statement On the Basis of Subject Matter Jurisdiction

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under a federal statute, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. This Court also has supplemental jurisdiction over Plaintiff's state law claims under NYLL pursuant to 28 U.S.C. § 1367(a).

## 3. Pending/Anticipated Motions

There are no pending motions. Plaintiff anticipates making a motion for summary judgment following the close of discovery. In addition, if counter-claims are asserted by the Defendants, Plaintiff anticipates making a motion to dismiss.

## 4. Description of Discovery that has Taken Place

No discovery has taken place. Plaintiff is still in the process of serving the Defendants.

## 5. A Computation of Each Category of Damages Claimed

Plaintiff has made preliminary wage and hour computations, annexed hereto as **Exhibit A**. Plaintiff reserves the right to amend such calculations following discovery and the disclosure of Defendants' wage and hour records which they were required to maintain pursuant to the FLSA and the NYLL.

Damages sought by defendants pursuant to their counterclaims have not been computed as the full extent of the distribution of the defamatory material is not yet known.

### 6. Status of Any Settlement Negotiations

Plaintiff has reached out to Defendant Philip Bobbitt with a demand. Defendants have not responded with an offer.

Defendants made an offer of settlement which was summarily rejected by plaintiff's counsel in the conversation within which the offer was made.

### 7. Other Information the Parties Believe May Assist the Court in Resolving this Action

#### (a) Defendants' Position

Defendants are in the process of seeking legal representation and for the time being are appearing *pro se*. As the plaintiff is well aware, the defendant Maya Bobbitt is 30 weeks pregnant with twins and for this reason it is likely that some sort of stay or other delay will be requested at the pretrial conference.

#### (b) Plaintiff's Position

Plaintiff is happy to accommodate Defendant Maya Bobbitt in discovery so that she does not have to sit through a deposition while pregnant. However, Plaintiff will not agree to a stay.

Respectfully submitted,

PARDALIS & NOHAVICKA, LLP

_____
Ariadne Panagopoulou
*Counsel for the Plaintiff*

[INSERT]

_____
[insert]
~~Counsel for the Defendants~~/Pro Se